**Andy L. WALLACE et al., Plaintiffs-Appellants,**

v.

**CITY OF ALTUS, OKLAHOMA, a Municipal Corporation, Defendant-Appellee.**

**No. 71–1680.**

United States Court of Appeals, Tenth Circuit.

July 27, 1972.

Clyde J. Watts, Oklahoma City, Okl. (H. K. Myers, Jr., Hollis, Okl., on brief), for plaintiffs-appellants.

Maurice H. Merrill, Norman, Okl. (William J. Ivester, Altus, Okl., on brief), for defendant-appellee.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a summary judgment granted by the United States District Court for the Western District of Oklahoma. The appellants maintain error in the granting of summary judgment, contending they were deprived of due process and equal protection of the law in the annexation of land which was either owned by or the residence of the appellants. In this context, they allege the annexation of their property was accomplished by means of a prior annexation which they assert was illegal.

The appellee, City of Altus (City), annexed Altus Air Force Base on March 16, 1960, by City Ordinance No. 616. This was done on the basis of a letter written by the base commander to the mayor of Altus expressing permission for the incorporation of the Base into the city limits. Oklahoma statute, 11 O.S.A. § 481, requires "the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added . . . ." On June 15, 1970, the City

passed City Ordinance No. 819 in which it annexed the land which forms the basis of this appeal. This annexation was accomplished also under 11 O.S.A. § 481, but under the proviso that the consent of the owners was not required "when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits . . . ." The south and west sides of the subject property had been previously annexed by the City with the written consent of the resident owners as required by 11 O.S.A. § 481. The third side, the east, was bounded by Altus Air Force Base. In attacking the annexation of their property, appellants have challenged the validity of the 1960 ordinance annexing Altus Air Force Base. They maintain that annexation was invalid because the consent given by the base commander was not that of a resident owner nor was it within his power as base commander to consent to the annexation. In this manner the appellants have sought to prevent this unilateral annexation by the City, on the basis of the three contiguous sides proviso, by showing one of those sides to be void in its annexation.

 We must first resolve the question of jurisdiction of the federal court. Appellants have not asserted a question of the constitutionality of 11 O.S.A. § 481. They are attacking, rather, the annexation of their property by challenging a prior annexation of federal property which they maintain was then misused by the City, acting under color of ordinance, in depriving them of their living in a rural area free from the restrictions and duties incident to incorporation within the City. It is clear that federal courts may review annexation where jurisdiction is based on diversity of citizenship, 28 U.S.C. §

1332,[1] on an alleged violation of voting rights,[2] or in a manner as would otherwise abuse a federal constitutional right.[3] We cannot conclude that freedom from annexation by a municipality is a fundamental right guaranteed by the Constitution.

Appellants' strong reliance on Adams v. City of Colorado Springs, 308 F.Supp. 1397 (D.C.Colo.1970), aff'd 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555 (1970), as supportive of federal court jurisdiction to review annexation proceedings is misplaced. The decision there dealt only with the constitutionality of a statute providing for unilateral annexation based on a two-thirds boundary contiguity without submitting the annexation for approval by vote of the qualified electors of the area to be annexed, while annexation of an area with less than that degree of contiguity required approval by vote of the qualified electors in the area. Jurisdiction to hear the merits there was based on the narrow question of whether this constituted an unlawful discrimination in the distribution of the right of franchise. The decision in Adams did not establish a broad proviso for federal court review of every annexation by a municipality on a complaint of an irregularity in the annexation process.

This case involves an allegation of improper annexation under state law on the basis of a prior invalid annexation of federal property. We have held that error in the administration of state law is not a matter of federal judicial cognizance under the Fourteenth Amendment due process clause.[4] The mere fact that federal property is peripherally involved, both literally and procedurally, does not confer jurisdiction on the district court.

Affirmed.

1. Botsford v. City of Norman, 354 F.2d 491 (10th Cir. 1965).

2. Adams v. City of Colorado Springs, 308 F.Supp. 1397 (D.C.Colo.1970), aff'd 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555.

3. International Harvester Co. v. Kansas City, 308 F.2d 35 (10th Cir. 1962), cert. denied, 371 U.S. 948, 83 S.Ct. 503, 9 L.Ed.2d 498.

4. Id.